445 S.E.2d 116 (1994)
Jerry ROBERTSON
v.
SUPERINTENDENT OF the WISE CORRECTIONAL UNIT.
Record No. 931529.
Supreme Court of Virginia.
June 10, 1994.
D. Gregory Carr, Richmond (Bowen & Bowen, on briefs), for appellant.
Martha M. Parrish, Sp. Asst. Atty. Gen. (James S. Gilmore, III, Atty. Gen., on brief), for appellee.
Present: CARRICO, C.J., and COMPTON, STEPHENSON, LACY, HASSELL and KEENAN, JJ., and POFF, Senior Justice.
POFF, Senior Justice.
Invoking the original jurisdiction of this Court, Jerry G. Robertson filed a pro se petition for a writ of habeas corpus ad subjiciendum against the Superintendent of the Wise County Correctional Unit. Robertson alleged that the Circuit Court of the City of Danville had violated his due process rights by imposing sentences on two criminal convictions to run consecutively rather than concurrently. In consideration of that issue, we must review three orders entered by the trial court.
By order entered March 6, 1989 (the first order), the court convicted Robertson of grand larceny and sentenced him to serve four years in the penitentiary, suspended on condition he serve 12 months in the Danville City Prison Farm and that he remain of good behavior for a period of two years following release from probation. In the same order, the court convicted him of burglary and sentenced him to serve a term of six years, suspended upon condition that he remain of *117 good behavior for six years following release from probation.
The first order did not provide whether the 12-months' jail term was to run concurrently with two sentences previously imposed upon Robertson by two other Virginia courts for unrelated convictions. Accordingly, the trial court entered a new order on January 29, 1990 (the second order). In its first paragraph, the second order copied the elements of the sentences fixed in the first order and then provided in the second and third paragraphs as follows:
And whereas at the time of said sentencing, the defendant was serving other sentences imposed by the General District Court of Danville and the Circuit Court of Pittsylvania County, and the Court desires to run its sentence concurrently with those other sentences and release the defendant from incarceration;
Now, therefore, the Court doth order that all sentences imposed upon the defendant be made to run concurrently and further the Court suspends any time which might be remaining on these sentences ... under the terms and conditions set further in this Court's Order of March 6, 1989.... The defendant is hereby released from custody.
Upon entry of the second order, Robertson had served more than 12 months in the Danville City Prison Farm and was released without being transferred to the Virginia Department of Corrections (VDOC). Some time later, he was arrested and convicted of a new grand larceny offense, sentenced to a term of two years in the penitentiary, and charged with violation of the terms of the probation fixed in the first and second orders.
By order entered March 6, 1991 (the third order), the court terminated probation, revoked suspension of the two terms imposed by the prior orders, and directed that, after crediting time previously served, "[t]he active sentence imposed by this order, which does not run concurrently with another sentence is: 10 years." Robertson was delivered into the custody of the VDOC on April 9, 1991.
We will consider the three orders seriatim.
The first order did not state whether the two sentences were to run concurrently or consecutively. Multiple sentences to confinement "shall not run concurrently, unless expressly ordered by the court", Code § 19.2-308, and "in the absence of express direction, they still run consecutively", Hudson v. Youell, 179 Va. 442, 451,19 S.E.2d 705, 709, cert. denied, 317 U.S. 630, 63 S.Ct. 47, 87 L.Ed. 508 (1942) (construing statutory ancestor of § 19.2-308). Thus, absent an express direction to the contrary, the first order entered below imposed two terms of confinement to run consecutively for a total of 10 years.
Code § 19.2-303 provides in part:
If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence.
At the time the second order was entered, Robertson had not been "transferred to the Department" and the trial judge had authority to "suspend or otherwise modify the unserved portion" of the sentences imposed by the first order. The Attorney General, counsel for the respondent, contends on brief that the purpose of the second order was to clarify the trial judge's "intention that the prior 12 month sentence was to have run concurrently with the other unrelated convictions he had received and served locally" and that "use of the term concurrent in the second Order was never intended ... to apply to the original two suspended sentences."[*]
*118 We disagree with that construction of the second order. The first paragraph recites the details of the two sentences imposed by the first order. The second paragraph refers to the 12-months' jail sentence and its temporal relationship with the two sentences imposed by other Virginia courts. The third paragraph of the second order expressly directs that "all sentences imposed upon the defendant be made to run concurrently" and that "any time which might be remaining on these sentences" be suspended "under the terms and conditions set forth in this Court's Order of March 6, 1989". We hold that, read together, the words "all sentences", "these sentences", and "concurrently", constitute an express directive that embraces the grand larceny and burglary sentences (the only sentences the trial court had jurisdiction to suspend) as well as the sentences imposed by other Virginia courts.
The third order was entered after Robertson was convicted of the new larceny offense but before he was delivered into the custody of the VDOC. Relying upon Code § 19.2-303 quoted above, the Attorney General contends that "the third Order must stand because it was not modifying either the first or the second Order."
It is true that both the first and third orders fixed the grand larceny and burglary sentences to run consecutively. However, the second order providing that those sentences run concurrently became final under Rule 1:1 more than a year before the third order was entered. While the trial court still retained power under Code § 19.2-306 to revoke the suspension of those sentences and the power under Code § 19.2-303 to modify the sentences in consideration of "circumstances in mitigation of the offense", the court had no authority to lengthen the period of incarceration. Indeed, we have reversed a judgment on the ground that a trial court "did not have the right or power ... after the orders had become final, to change the sentences and require that two of them should run consecutively." Conner v. Commonwealth, 207 Va. 455, 457, 150 S.E.2d 478, 479 (1966) (citations omitted); see also Wood v. Commonwealth, 12 Va.App. 1257, 408 S.E.2d 568 (1991).
We hold, therefore, that the second order entered below fixed the sentences that had been imposed upon the convictions of grand larceny and burglary to run concurrently rather than consecutively and that the trial court had no authority to provide otherwise in its third order. Accordingly, we will award the petitioner a writ of habeas corpus ad subjiciendum, subject, however, to those provisions in the third order that terminated probation and that revoked the suspensions of sentence awarded the petitioner in the prior orders, and subject further to that provision in the third order that allowed credit for time previously served.
We will instruct the Clerk of this Court to certify copies of the Court's mandate to the petitioner, to the respondent, to the Clerk of the Circuit Court of the City of Danville, and to the Attorney General of Virginia, and such certification shall have the same force and effect as if a writ were formally issued and served upon them.
Writ of habeas corpus ad subjiciendum awarded.
NOTES
[*] In support of this argument the Attorney General asks us to consider the transcripts of the sentencing proceeding in order to determine the intent of the trial court. We decline to do so. "A court of record speaks only through its written orders. Nash v. Jewell, 227 Va. 230, 315 S.E.2d 825 (1984); Walker v. Commonwealth. 225 Va. 5, 301 S.E.2d 28 (1983); Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964)." Hill v. Hill, 227 Va. 569, 578, 318 S.E.2d 292, 297 (1984); see also Woodard v. Commonwealth, 214 Va. 495, 499, 201 S.E.2d 785, 788 (1974).