In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Friday, the 20th day of February, 2004.

Jeffrey Bourke Rice,                                          Appellant,

  against      Record No.  031823
                  VSB Docket No.  02-052-0197

Virginia State Bar,                                          Appellee.

Upon an appeal of right from an order
entered by the Virginia State Bar Disciplinary Board.


Upon consideration of the record, briefs, and argument by the appellant, in proper person, and by counsel for the appellee, the Court is of opinion there is error in the order appealed from.

I.  Rule 1.3(a) of the Rules of Professional Conduct

The record supports the finding of the Virginia State Bar Disciplinary Board ("Disciplinary Board") that Jeffery Bourke Rice ("Rice") violated Rule 1.3(a) of the Rules of Professional Conduct ("[a] lawyer shall act with reasonable diligence and promptness in representing a client.")

On February 8, 2001, Curtis Lee Thompson ("Thompson") retained Rice as counsel to represent him in seeking a sentence reduction in the Circuit Court of Madison County.  Pursuant to Code § 19.2-303, the sentence reduction was possible only so long as Thompson remained in a local jail.  Thompson had been in jail for over a year and was subject to being transferred to the custody of the state Department of Corrections at any time, which would foreclose reconsideration of his sentence.  Although Rice was aware of these circumstances and could have taken action within a matter of a few days, he failed to obtain the necessary documentation and to file a motion to reconsider

with the trial court until March 21, 2001. Along with the motion, Rice filed a praecipe requesting that the matter be placed on the trial court's April 11th motions' day docket. Thompson was transferred to the custody of the Department of Corrections on March 22, 2001 and his motion to reconsider was denied when it was heard on April 11th.

Upon review of the facts presented, the Court is of the opinion that there is no error in the Disciplinary Board's finding that Rice failed to exercise proper diligence as required by Rule 1.3(a).

## II. Rule 8.1(c) of the Rules of Professional Conduct

The Disciplinary Board's determination that Rice violated Rule 8.1(c) of the Rules of Professional Conduct is not supported by the Disciplinary Board's findings of fact.

Following the filing of a complaint against Rice by Thompson, the Disciplinary Board sent Rice a copy of Thompson's complaint. On May 8, 2002, Rice met with a Virginia State Bar investigator. Rice received written notices on August 21 and September 26, 2002 that his appearance was required at a November 19, 2002 disciplinary committee hearing. On October 22, 2002, Rice was personally served with a summons to appear at the November 19th hearing. Despite three forms of notice, Rice did not appear at the November 19th hearing, apparently because he failed to note the date on his calendar.

Rule 8.1(c) provides that a lawyer shall not "fail to respond to a lawful demand for information from an admissions or disciplinary authority." In argument before this Court, Rice suggested that Rule 8.1(c) is inapplicable to this case because a summons to appear at a disciplinary hearing cannot be considered a demand for information.

2

He asked the Court to hold that 8.1(c) cannot be used as a basis to sanction a lawyer for failure to appear at a disciplinary hearing.

The purpose of Rule 8.1 is to ensure a lawyer's cooperation in maintaining the integrity of the bar. The rule does not define the phrase "demand for information." We hold that a hearing before a disciplinary committee may be a demand for information and an integral part of an investigation of misconduct. A hearing provides the first opportunity for the Bar, in the course of its investigation, to obtain testimony under oath from the respondent and others. A summons to appear at a hearing, if it is found that a purpose of the hearing is to gather sworn testimony from the respondent, may be considered a demand for information.

While Rule 8.1(c) may be violated by failure to appear at a hearing before a disciplinary committee or Board, in this case, the Disciplinary Board's findings of fact do not support its conclusion that Rice violated the rule. While the Disciplinary Board found that Rice failed to appear, it made no finding that the committee was unable to gather information from Rice as a result of Rice's failure to appear. Therefore, the Disciplinary Board's determination that the Bar proved a violation of Rule 8.1(c) by clear and convincing evidence is unsubstantiated. This charge is dismissed.

### III. The Sanction

In its order, the Disciplinary Board suspended Rice's license to practice law for one year. The sanction was based on Rice's violation of Rule 1.3(a) and Rule 8.1(c). Because we have dismissed the Board's finding that Rice violated Rule 8.1(c), we will remand the matter to the Disciplinary Board to reconsider the sanction to

determine whether the one-year suspension is merited for Rice's violation of Rule 1.3(a) alone.

Accordingly, the order of the Disciplinary Board, dated May 5, 2003, is affirmed in part, reversed in part, and remanded for reconsideration of the sanction for Rice's violation of Rule 1.3(a).

This order shall be certified to the Virginia State Bar Disciplinary Board and shall be published in the Virginia Reports.

A Copy,

Teste:

Patricia H. Krueger, Clerk

_____

JUSTICE KOONTZ, JUSTICE LEMONS, and SENIOR JUSTICE COMPTON, dissent from Sections II and III.

5