COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Clements and Senior Judge Overton
Argued at Chesapeake, Virginia


MICHAEL ANTHONY EDMOND
                                          MEMORANDUM OPINION[*] BY
v.        Record No. 2272-03-1          JUDGE JEAN HARRISON CLEMENTS
                                              DECEMBER 14, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Charles D. Griffith, Jr., Judge

Harry Dennis Harmon, Jr., for appellant.

Margaret W. Reed, Assistant Attorney General, for appellee.


Michael Anthony Edmond appeals from two orders of the trial court entered on September

10, 2003, revoking his probation and imposing the remainder of his previously suspended sentences

for his multiple convictions of driving after having been declared an habitual offender, in violation

of Code § 46.2-357.  On appeal, Edmond contends the trial court erred in imposing sentences

totaling six years for his probation violation rather than the four years he had remaining on his

original suspended sentences.  Finding the trial court correctly imposed sentences totaling only four,

rather than six, years, we affirm the judgment of the trial court.

I.  BACKGROUND

On June 3, 2002, Edmond was convicted in case number CR02002125-01 for operating a

motor vehicle on February 20, 2002, after having been declared an habitual offender, a

misdemeanor offense, in violation of Code § 46.2-357.  That same date, he was also convicted in

case number CR02002125-00 for operating a motor vehicle on March 28, 2002, after having been

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

declared an habitual offender, a felony offense, in violation of Code § 46.2-357. By order entered November 1, 2002, the trial court sentenced Edmond to twelve months' incarceration on the misdemeanor offense and three years' incarceration on the felony offense. The trial court ordered that the sentences were to "run concurrent to one another" and suspended "all but [twelve] months" of the sentence for the felony offense.

On September 5, 2002, Edmond was convicted in case number CR02003497-01 for operating a motor vehicle on June 21, 2002, after having been declared an habitual offender, a felony offense, in violation of Code § 46.2-357. By separate order entered November 1, 2002, the trial court sentenced Edmond to three years' incarceration. The trial court ordered that the sentence was to "run concurrent with [the sentence imposed in] CR02002125-01" and suspended "all but [twelve] months" of the sentence.

On August 22, 2003, after conducting a hearing, the trial court found that Edmond had violated the terms of his probation. The trial court revoked Edmond's probation and, in two separate orders entered on September 10, 2003, ordered Edmond to serve the entirety of the remaining unserved two-year portion of the previously suspended felony sentence in each case. The trial court further ordered that the two sentences were to "run consecutively."

On March 1, 2004, this Court granted Edmond an appeal on the question whether the trial court erred in ordering the sentences to run consecutive to each other. As relevant here, Edmond contends in his opening brief solely that "[t]he trial court erred in imposing a six-year term of incarceration upon a determination of the appellant's violation of a condition of his probation."[1] In support of that contention, Edmond argues in his opening brief as follows:

---

[1] Edmond also inexplicably includes in his opening brief argument in support of his contention that the trial court abused its discretion in revoking his suspended sentences. However, this Court refused Edmond's petition for appeal on this question and we do not consider it here.

- 2 -

Pursuant to § 19.2-306.C. of the Code of Virginia, 1950, as amended, the Court may *only* pronounce whatever sentence might have been originally imposed. The language of § 19.2-306.C. does not grant the Courts authority to modify an existing final judgment order. In the case at bar, the original active sentences on Indictment Nos. CR02003497-00, CR02002125-00 and CR02002125[-01] were ordered *"to run concurrent to one another."* (Emphasis supplied.) (Appendix Vol. I, pp. 1, 3). At the time of the revocation hearing, the appellant served one year of the active sentence on each indictment when he served the twelve-month sentence imposed on Indictment No. CR02002125-01, leaving the appellant with a two-year suspended sentence on Indictment No. CR02002125-00 and a two-year suspended on Indictment No. CR02003497-00, for a total remaining suspended sentence of four years, not six years. The appellant's imposed six-year active sentence is illegal because it, in essence, modifies two sentences, which were final.

Thus, this Court is urged to review the trial court's decision below.

This is the entirety of Edmond's argument.

In response to Edmond's opening brief, the Commonwealth filed a "Consent by the Commonwealth that Judgment be Reversed." In support of its position that "the judgment appealed from be reversed," the Commonwealth states that Edmond's original sentencing orders provided that his sentences were to run concurrently while the revocation orders provided that his remaining unserved sentences would run consecutively. Because the trial court did not have the power, upon probation revocation, to change concurrent sentences into consecutive sentences, the action by the trial court, the Commonwealth states, was beyond its sentencing authority. Thus, the Commonwealth concludes, the provision for consecutive sentences was void and the judgment of the trial court must be reversed, the sentences vacated, and the case remanded for resentencing.

In a written response, Edmond requests that we accept the Commonwealth's consent. Nevertheless, we directed the parties to appear at oral argument to answer questions regarding the Commonwealth's consent, Edmond's response to that consent, and inconsistencies between the parties' respective positions and the record.

- 3 -

At oral argument, both parties acknowledged that their previously stated interpretations of the trial court's orders were flawed. Additionally, the Commonwealth requested that this Court not accept its consent.

## II. ANALYSIS

It is clear from the record that the original twelve-month sentence for Edmond's February 20, 2002 misdemeanor conviction and the three-year sentence for Edmond's March 28, 2002 felony conviction ran concurrently. It is also clear from the record that the three-year sentence for Edmond's June 21, 2002 felony conviction also ran concurrently with, and only with, the twelve-month misdemeanor sentence. Thus, upon serving the initial twelve months' incarceration, Edmond completed the misdemeanor sentence and the first year of each of the two felony sentences. Consequently, he had two suspended years remaining on both the March 28, 2002 felony conviction and the June 21, 2002 felony conviction. Because those sentences did not run concurrently, the total remaining combined suspended sentence was four years. See Robertson v. Supervisor of Wise Correctional Unit, 248 Va. 232, 234-35, 445 S.E.2d 116, 117 (1994) (holding that, pursuant to Code § 19.2-308, absent an express direction by the trial court that they are to run concurrently, multiple sentences are to run consecutively).

Hence, contrary to Edmond's stated premise, the trial court did not modify the length of the originally imposed sentences when, following Edmond's probation violation, it ordered him to serve the remaining, previously suspended two-year portion of the sentence in each of the two felony cases. Thus, as reflected in the trial court's September 10, 2003 orders, the trial court imposed a total of four years, and not six as Edmond states in his brief. Likewise, contrary to the Commonwealth's stated premise, the trial court did not alter how those sentences were to run.

There being no inconsistency between the original sentences and the sentences imposed following Edmond's probation violation, we conclude that the trial court did not err in ordering that

the two sentences were to run consecutively.  We further conclude that the claim of error addressed by Edmond in his brief is moot since the trial court unquestionably did exactly what Edmond claims the trial court should have done:  it sentenced him to four years rather than six.

Accordingly, we do not accept the Commonwealth's consent and affirm the judgment of the trial court and Edmond's sentences.

<u>Affirmed.</u>