Tuesday                    12th

April, 2005.


Demetrius Lamont Neely,                                                    Appellant,

 against          Record No. 2325-03-1
                  Circuit Court No. CR97-2456

Commonwealth of Virginia,                                                  Appellee.

Upon a Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Elder, Bumgardner, Frank,
    Humphreys, Clements, Felton, Kelsey, McClanahan and Haley

Gregory B. Turpin for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on brief), for appellee.


By published opinion dated November 9, 2004, a divided panel of this Court reversed the

judgment of the trial court.  See Neely v. Commonwealth, 44 Va. App. 239, 604 S.E.2d 733 (2004).  We

stayed the mandate of that decision and granted a rehearing *en banc,* 44 Va. App. 535, 605 S.E.2d 777

(2004).

Upon rehearing *en banc*, it is ordered that the stay of the November 9, 2004 mandate is lifted and

the judgment of the trial court is reversed and remanded to the trial court for the reasons set forth in the

majority panel opinion.

Chief Judge Fitzpatrick, Judges Bumgardner, Felton and Haley dissent for the reasons set forth in

the panel dissent.  See 44 Va. App. at 244-47, 604 S.E.2d at 735-36.

It is ordered that the trial court allow counsel for the appellant an additional fee of $200 for

services rendered the appellant on the rehearing portion of this appeal, in addition to counsel's costs and

necessary direct out-of-pocket expenses.

This order shall be published and certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Tuesday                    14th

December, 2004.

Demetrius Lamont Neely,                                              Appellant,

 against            Record No. 2325-03-1
                    Circuit Court No. CR97-2456

Commonwealth of Virginia,                                           Appellee.


Upon a Petition for Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Elder, Annunziata, Bumgardner,
Frank, Humphreys, Clements, Felton, Kelsey and McClanahan


On November 23, 2004 came the appellee, by the Attorney General of Virginia, and filed a

petition praying that the Court set aside the judgment rendered herein on November 9, 2004, and grant a

rehearing *en banc* thereof.

On consideration whereof, the petition for rehearing *en banc* is granted, the mandate entered

herein on November 9, 2004 is stayed pending the decision of the Court *en banc*, and the appeal is

reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. The appellee shall attach as an

addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the

Court in this matter.  It is further ordered that the appellee shall file with the clerk of this Court twelve

additional copies of the appendix previously filed in this case.

A Copy,

Teste:

                            Cynthia L. McCoy, Clerk
        By:

        Deputy Clerk

Present:    Judges Benton, Humphreys and Senior Judge Coleman
Argued at Chesapeake, Virginia


DEMETRIUS LAMONT NEELY

v.        Record No. 2325-03-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE JAMES W. BENTON, JR.
NOVEMBER 9, 2004


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

Gregory B. Turpin for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on brief), for appellee.


The sole issue presented by this appeal is whether the circuit court judge had jurisdiction

under Code § 19.2-303 to consider a defendant's motion to modify his sentence while the

defendant was in the custody of the Federal Bureau of Prisons.  We hold that the judge did have

jurisdiction because the evidence did not establish that the defendant had been transferred to the

custody of the Virginia Department of Corrections.

I.

In 1997, a judge of the circuit court convicted Demetrius L. Neely, upon his guilty plea,

for possession of cocaine.  The judge sentenced Neely to two years in prison, suspended the

prison sentence in its entirety, and ordered supervised probation.  During Neely's period of

probation, a probation officer initiated a revocation proceeding because Neely had been arrested

on federal charges of bank robbery and use of a firearm.  After Neely pled guilty and was

sentenced in federal court, a judge of the circuit court revoked Neely's suspended sentence and

imposed the prison sentence of two years "to run consecutively with all other sentences."

Almost four years after the circuit judge revoked the suspended sentence, Neely filed a motion in the circuit court seeking a modification of his sentence. Neely, who was in federal custody, indicated that "a detainer has been placed against him in order that he may not be released before fulfilling his obligation to the Commonwealth of Virginia," and he alleged circumstances that he believed warranted a modification of his sentence. The trial judge's order found that Neely was "in the custody of the Department of Corrections" and ruled, therefore, that "the court, pursuant to Rule 1:1 does not have jurisdiction to hear this matter." Neely appeals from this ruling.

II.

In pertinent part, Rule 1:1 of the Rules of the Supreme Court of Virginia provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." The legislature, however, has statutorily enacted several "limited exceptions to the preclusive effect of Rule 1:1." Davis v. Mullins, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996). "Code § 19.2-303 is one of those exceptions." Ziats v. Commonwealth, 42 Va. App. 133, 138, 590 S.E.2d 117, 120 (2003). That statute provides, in pertinent part, as follows:

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence. The court may place the person on probation for such time as the court shall determine.

Code § 19.2-303.

Neely argues that he had "not actually been transferred to a receiving unit of the Department [of Corrections]." Id. Thus, he contends the exception to Rule 1:1 that is contained

in Code § 19.2-303 is applicable to his motion to modify his sentence. The Commonwealth argues, however, that a literal reading of the statute "potentially would extend a trial court's jurisdiction for several decades." Citing Ragan v. Woodcroft Village Apartments, 255 Va. 322, 327-28, 497 S.E.2d 740, 743 (1998), the Commonwealth also argues that the trial judge's inability to order a prisoner's transfer from the place of his federal confinement to the state court for a hearing renders a literal reading of the statute "a vain and useless thing." Thus, the Commonwealth contends that the General Assembly intended the exception to apply only to persons confined in jail and "surely did not intend to sanction such an ineffectual, peculiar arrangement."

Initially, we note that the trial judge made a notation that Neely "is no longer in local jail," and he informed Neely "that once an individual is in a State Correctional Facility I am powerless to act after twenty-one (21) days from the date of conviction." The Commonwealth concedes, however, that Neely is in a federal prison. Indeed, the record establishes that Neely was on probation for his felony conviction when he was arrested and taken in custody on federal charges, and he was not in the Department's custody. No evidence in the record establishes that Neely has ever been transferred from the federal prison system to custody of the Department.

The principle is well established that "[w]here the legislature has used words of a plain and definite import [in a statute] the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed." Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934). See also Williams v. Commonwealth, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003) (holding that "[w]hen the language of a statue is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated").

- 3 -

> By its express terms, Code § 19.2-303 permits the trial court, in cases where the defendant "has been sentenced for a felony to the Department of Corrections but has not actually been transferred to . . . the Department," to retain jurisdiction beyond the twenty-one-day limit of Rule 1:1 to "suspend or otherwise modify the unserved portion of such a sentence."

Patterson v. Commonwealth, 39 Va. App. 610, 617, 575 S.E.2d 583, 586 (2003).

Although Neely was not in a local jail, Code § 19.2-303 does not premise jurisdiction to modify a sentence upon a defendant's presence in a local jail. The relevant provision of Code § 19.2-303 expressly confers jurisdiction when the defendant "has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department." Code § 19.2-303 plainly and unambiguously provides the trial judge with jurisdiction to consider Neely's motion, and it needs no interpretative construction.

We have no basis upon which to conclude that the legislature did not mean what it unambiguously wrote in Code § 19.2-303. If a defendant has not been transferred to the custody of the Department after conviction, the passage of time is not a factor that impacts upon the trial judge's jurisdiction to exercise his statutory grant of power under Code § 19.2-303. See Robertson v. Superintendent of the Wise Corr. Unit, 248 Va. 232, 234-35, 445 S.E.2d 116, 117 (1994) (noting that the trial judge retained jurisdiction after the defendant had not been transferred to the Department after twelve months). The legislative authority to consider the motion is not time-based but, rather, is statutorily defeated only by the transfer of the defendant to the Department. Although the legislature could have chosen a different policy, clearly it did not do so. Moreover, we have held that "[t]he purposes of Code § 19.2-303 are rehabilitative in nature," Esparza v. Commonwealth, 29 Va. App. 600, 607, 513 S.E.2d 885, 888 (1999), and should be construed liberally in order to provide trial judges with the means of encouraging the defendant's rehabilitation. Patterson, 39 Va. App. at 616, 575 S.E.2d at 586. By limiting the trial judge's jurisdiction to those cases in which the defendant "has not actually been transferred

- 4 -

to a receiving unit of the Department," Code § 19.2-303, the legislature left in place a variety of custodial circumstances in which the trial judge was at liberty to suspend or otherwise modify the unserved portion of a defendant's sentence "if it appears compatible with the public interest and there are circumstances in mitigation of the offense." Id.[1]

For these reasons, we hold that the evidence does not support the trial judge's finding that Neely was "in a State Correctional Facility," and we further hold that the trial judge erred in ruling that Rule 1:1 deprived him of jurisdiction to entertain Neely's motion to modify his sentence. We, therefore, reverse the decision and remand to the trial judge for consideration of Neely's motion pursuant to the factors contained in Code § 19.2-303.

<u>Reversed and remanded.</u>

---

[1] The Commonwealth argues without any supporting authority that, by issuing a detainer "to insure that Neely would be put in the state correctional system upon his release," the Department rendered Neely "in the custody of the Department." We find no authority to support that assertion, and, furthermore, we note that Code § 19.2-303 confers jurisdiction upon the trial judge when the defendant "has not *actually* been transferred to . . . the Department." (Emphasis added.)

Coleman, J., dissenting.

The trial judge ruled that he lacked jurisdiction pursuant to Rule 1:1 to consider appellant's motion to modify his penitentiary sentence almost four years after the suspended sentence was revoked and imposed. In my opinion the trial judge ruled correctly. Therefore, I would affirm the judgment of the trial court. Accordingly, I respectfully dissent from the majority's decision.

> Under familiar principles, penal statutes must be strictly construed against the Commonwealth. However, when statutory construction is required, we construe a statute to promote the end for which it is enacted, if such an interpretation can reasonably be made from the language used. Thus, a statute should be read to give reasonable effect to the words used "and to promote the ability of the enactment to remedy the mischief at which it is directed." "Where a particular construction of a statute will result in an absurdity, some other reasonable construction which will not produce the absurdity will be found."

Mayhew v. Commonwealth, 20 Va. App. 484, 489, 458 S.E.2d 305, 307 (1995).

The majority construes and applies Code § 19.2-303 so broadly that the holding essentially abolishes the preclusive effect of Rule 1:1 by allowing courts to modify sentences in all criminal convictions without any time limitation except when a defendant has been actually transferred to a receiving unit of the Department of Corrections. In my opinion, the majority's construction of Code § 19.2-303 results in criminal convictions that should otherwise be final remaining open to modification despite Rule 1:1. The majority's holding does not promote the end for which the statute was intended.

As the majority notes, Code § 19.2-303 creates an exception to Rule 1:1, however, in my opinion, the exception only applies to allow a judge to modify a sentence where the prisoner remains in the local jail and under the control of the court. The operative language of the statute, "but has *not been transferred* to a receiving unit" implies that the prisoner is in the local jail awaiting transfer. (Emphasis added.) In other words, underlying Code § 19.2-303 is the presumption that the prisoner is awaiting transfer to the Department of Corrections from the local

- 6 -

jail and that the trial court can still exercise jurisdiction over the prisoner beyond the twenty-one days prescribed in Rule 1:1. This view that Code § 19.2-303 applies only where the prisoner is in the local jail finds support in numerous cases that have analyzed Code § 19.2-303 on other grounds. In Esparza v. Commonwealth, 29 Va. App. 600, 513 S.E.2d 885 (1999), we stated,

> [i]n sum, we hold that Code § 19.2-303 invests courts with discretionary authority to modify a sentence post-conviction in all felony cases, including those in which the defendant has been sentenced pursuant to a plea agreement *so long as the defendant is in the local jail* and has not been delivered to the Department of Corrections.

Id. at 608, 513 S.E.2d at 889 (emphasis added). Similarly, in Rice v. Virginia Sate Bar, 267 Va. 299, 592 S.E.2d 643 (2004), the Court noted that "[p]ursuant to Code § 19.2-303, [a] sentence reduction was possible *only so long as [the prisoner] remained in the local jail*." Id. at 299, 592 S.E.2d at 644 (emphasis added). In Ziats v. Commonwealth, 42 Va. App. 133, 590 S.E.2d 117 (2003), the issue of jurisdiction beyond the twenty-one days turned on "[w]hether Ziats was in the *custody of the local sheriff*, and not in the custody of the DOC . . . ." Id. at 139, 590 S.E.2d at 120 (emphasis added). See also Patterson v. Commonwealth, 39 Va. App. 610, 619, 575 S.E.2d 583, 587 (2003) (distinguishing Robertson v. Supervisor of Wise Correctional Unit, 248 Va. 232, 445 S.E.2d 116 (1994), noting that Robertson "*remained in the local jail*" when the trial court modified his sentence beyond the twenty-one days (emphasis added)).

Neely made a motion for the trial court to reconsider his sentence almost four years after the court had entered the final order revoking his previously suspended sentence. At the time, he was in federal prison in Virginia. The majority's view that the court had the authority to modify Neely's sentence pursuant to Code § 19.2-303 almost four years after the court had imposed the sentence, only because Neely had "not actually been transferred to the Department" of Corrections, when he was not in the local jail and, thus, not before the court would allow prisoners who are being held in other jurisdictions with unserved sentences in Virginia to require courts to reconsider their sentences

regardless of how much time elapsed.  Such a result enlarges the exception to Rule 1:1 far beyond what was intended and could well impose an unnecessary burden upon trial courts.

Therefore, I would affirm the judgment of the trial court because, in my opinion, the trial court lost jurisdiction twenty-one days after entry of the order revoking Neely's suspended sentence. I respectfully dissent.