Present: Hassell, C.J., Lacy, Koontz, Kinser, Lemons, and Agee, JJ., and Russell, S.J.

COMMONWEALTH OF VIRGINIA

                                                    PER CURIAM
v.  Record No. 051000                          January 13, 2006

DEMETRIUS L. NEELY

                FROM THE COURT OF APPEALS OF VIRGINIA

     Demetrius L. Neely was convicted, on his guilty plea, of possession of cocaine in the Circuit Court of the City of Portsmouth on December 1, 1997.  The circuit court imposed a sentence of two years in prison, but suspended the entire sentence and ordered supervised probation.  While on probation, Neely was arrested on unrelated federal charges and his probation officer initiated revocation proceedings.  Neely pled guilty to the federal charges and was sentenced to confinement in a federal correctional institution.  Thereafter, the circuit court revoked his suspended sentence and ordered his original two-year sentence to be served, to run "consecutively with all other sentences."

     Almost four years later, Neely, still in federal custody, filed a motion in the circuit court seeking a modification of his two-year sentence, claiming that a detainer placed against him by the Virginia authorities interfered with his release from federal custody.  The circuit court ruled that it had no

jurisdiction to consider Neely's motion because of the time limitation imposed by Rule 1:1.

Neely appealed to the Court of Appeals. A divided panel, by a published opinion, held that the circuit court retained jurisdiction to entertain Neely's motion pursuant to Code § 19.2-303, reversed the order of the circuit court and remanded the case. Neely v. Commonwealth, 44 Va. App. 239, 604 S.E.2d 733 (2004). In pertinent part, the Court of Appeals concluded that

> Code § 19.2-303 plainly and unambiguously provides the trial judge with jurisdiction to consider Neely's motion, and it needs no interpretative construction.
>
> We have no basis upon which to conclude that the legislature did not mean what it unambiguously wrote in Code § 19.2-303. If a defendant has not been transferred to the custody of the Department after conviction, the passage of time is not a factor that impacts upon the trial judge's jurisdiction to exercise his statutory grant of power under Code § 19.2-303. See Robertson v. Superintendent of the Wise Corr. Unit, 248 Va. 232, 234-35, 445 S.E.2d 116, 117 (1994) (noting that the trial judge retained jurisdiction after the defendant had not been transferred to the Department after twelve months). The legislative authority to consider the motion is not time-based but, rather, is statutorily defeated only by the transfer of the defendant to the Department. Although the legislature could have chosen a different policy, clearly it did not do so.

Neely, 44 Va. App. at 243-44, 604 S.E.2d at 735.

The Attorney General filed a petition for a stay and a rehearing en banc, which the Court of Appeals granted. Neely

2

v. Commonwealth, 44 Va. App. 535, 605 S.E.2d 777 (2004). Upon a rehearing en banc, the Court of Appeals, by order, affirmed the majority opinion of the panel, reversed the order of the circuit court and remanded the case. Neely v. Commonwealth, 45 Va. App. 399, 611 S.E.2d 627 (2005). We granted the Commonwealth an appeal.

The appeal presents a single question: "Did the circuit court correctly rule that it did not have jurisdiction under Virginia Code § 19.2-303 to rule on the defendant's motion to modify his sentence, even though at all relevant times the defendant was confined in the federal penal system?" We have considered this question and find no error in the judgment of the Court of Appeals. For the reasons set forth in the majority opinion of the panel of the Court of Appeals, Neely v. Commonwealth, 44 Va. App. 239, 604 S.E.2d 733 (2004), we will affirm the judgment of that court.

Affirmed.