COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Haley and Senior Judge Bumgardner
Argued at Alexandria, Virginia


MATTHEW J. LATHRAM

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0155-05-4                      JUDGE JAMES W. BENTON, JR.
                                                          MAY 2, 2006
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                               James H. Chamblin, Judge

             Michael D. Sawyer (Alexander N. Levay; Moyes & Levay, P.L.L.C.,
             on brief), for appellant.

             Donald E. Jeffrey, III, Assistant Attorney General (Judith Williams
             Jagdmann, Attorney General, on brief), for appellee.


        Matthew J. Lathram appeals a condition imposed on his sentence suspension.  He argues

that the imposition of life-long probation was an abuse of the trial judge's discretion and a

violation of the Eighth Amendment.  We hold that the record does not establish that the trial

judge abused his discretion in determining Lathram's probation.  However, because the trial

judge exceeded the statutory sentence limit for Lathram's conviction of possession of marijuana

with intent to distribute, we remand the case for resentencing.

        Lathram and some friends were smoking marijuana, playing with guns, and talking in

Lathram's grandparents' basement.  Lathram accidentally discharged a gun, killing one of his

friends.  After the police arrived, they found four firearms, cocaine, psilocyn (psychedelic

mushrooms), marijuana, books about growing marijuana, $2,800, and drug paraphernalia.  Three

of the guns had been stolen.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The grand jury indicted Lathram for seven felonies: involuntary manslaughter, possession of cocaine, two counts of possession with intent to distribute for the psilocyn and marijuana, possession of a controlled substance while in possession of a firearm, possession of a sawed-off shotgun, and receiving stolen goods with a value of $200 or more. Lathram pled guilty to all the charges. The sentencing guidelines recommended incarceration ranging from two years to two years and eight months, with a midpoint of two years and four months.

The trial judge declined to follow the sentencing guidelines, explaining:

> [T]he Commonwealth decided to charge you with the possession with intent to distribute psilocyn charge. And because of the punishment involved with that, it has to be treated under the guidelines as a primary offense. These guidelines are skewed in my opinion.
>
> I think that there are too many different offenses involved in here for these guidelines to present a true picture of what should happen. . . .
>
> &ast; &ast; &ast; &ast; &ast; &ast; &ast;
>
> On top of that, in this case you've got theft involved with it as well, and possession of illegal firearms.
>
> The guidelines are not—they're not right in this case in my opinion because you've got a mandatory two years that you have to serve, and then that would mean that to serve on the simultaneous possession of drugs and firearms, then that would mean the other offenses, including the involuntary manslaughter— which is homicide, . . . the unlawful killing of another human being—is only worth four months. I don't think that's right.

The trial judge sentenced Lathram to a total of sixty-five years imprisonment, suspending thirty-five of those years. The trial judge imposed various conditions for the suspensions, including the requirement that Lathram keep the peace, be of good behavior, and violate no laws for the duration of Lathram's life. He ordered supervised probation for the same duration.

Lathram contends that life-long probation was unreasonable and, therefore, an abuse of the trial judge's discretion and was a violation of the Eighth Amendment's protection from cruel

and unusual punishment. The Commonwealth responds that conditions imposed on the sentence suspensions are within the judge's discretion because they are within the statutory limits. The Commonwealth also asserts that we cannot consider Lathram's constitutional argument because he did not raise it prior to his appeal.

After conviction, a trial judge "may suspend the sentence in whole or in part and in addition may place the accused on probation under such conditions as the court shall determine." Code § 19.2-303. Where a trial judge suspends a sentence, he or she "may fix the period of suspension for a reasonable time, having due regard to the gravity of the offense, without regard to the maximum period for which the defendant might have been sentenced." Code § 19.2-303.1. Applying these statutes, we have held that a trial judge's power of sentence suspension "is not absolute." Simmers v. Commonwealth, 11 Va. App. 375, 378, 398 S.E.2d 693, 694 (1990). We recognized, however, that, in determining what is reasonable, the trial judge "must consider that the facts surrounding a particular offense may well authorize . . . a longer suspension than would be reasonable under less egregious circumstances." Id.; see also Patterson v. Commonwealth, 39 Va. App. 610, 620-23, 575 S.E.2d 583, 588-89 (2003) (affirming a twenty-year suspension of a ten-year sentence).

The Supreme Court of Virginia has held that "when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as . . . an abuse of discretion." Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977). The maximum sentence authorized by the Code for Lathram's convictions totaled 105 years. Separately identified, the maximum sentences were: ten years for manslaughter (Code § 18.2-36); ten years for cocaine possession (Code § 18.2-250); forty years for possession with intent of psilocyn (Code § 18.2-248); ten years for possession with intent of marijuana (Code § 18.2-248.1); five years for simultaneous possession of a controlled substance

and a firearm (Code § 18.2-308.4(B)); ten years for possession of a sawed-off shotgun (Code § 18.2-300(B)); and twenty years for receiving stolen property valued over $200 (Code § 18.2-108). See Code § 18.2-10 (listing the allowable range of sentences for each class of felony). Therefore, the trial judge could have sentenced Lathram to 105 years imprisonment, essentially a life sentence, without abusing his discretion. Abdo, 218 Va. at 479, 237 S.E.2d at 903. Although lifetime probation is burdensome, it is considerably less burdensome than lifetime imprisonment. Therefore, we hold that the record does not establish that the trial judge abused his discretion by imposing lifetime probation as a condition of sentence suspension when he had the statutory authority to sentence Lathram to 105 years imprisonment without suspending any of the sentence.

As for Lathram's argument that the lifetime sentence suspension and supervised probation violate the Eighth Amendment's protections against cruel and unusual punishment, Rule 5A:18 bars Lathram from raising this issue on appeal because he did not raise it at trial. See Hartless v. Commonwealth, 29 Va. App. 172, 176, 510 S.E.2d 738, 740 (1999) (declining to consider appellant's argument that lifetime probation violated the Eighth Amendment because he failed to raise it at trial).

In our review of the record, however, we discern an error in the sentence for Lathram's conviction of possession of marijuana with intent to distribute. Lathram pled guilty to the charge of possession with intent to distribute more than one-half ounce but not more than five pounds of marijuana. Code § 18.2-248.1(a)(2) defines this offense as a Class 5 felony. The maximum punishment for a Class 5 felony is ten years imprisonment. Code § 18.2-10. Yet, the trial judge sentenced Lathram to fifteen years for the offense, exceeding the statutory maximum. The parties acknowledge the error occurred and requires a remand. Therefore, we will remand this case for the trial judge to correct the sentence imposed for the marijuana conviction and bring it

- 4 -

within the statutorily authorized sentence.  See Wilson v. Commonwealth, 46 Va. App. 73, 77 n.1, 615 S.E.2d 500, 502 n.1 (2005).  Because this sentence suspension was interrelated with another sentence, we leave to the trial judge's discretion the correction to be made.

For these reasons, we affirm the conditions imposed on Lathram's sentence suspension. We remand the case, however, for the trial judge to correct the error in the sentence for the marijuana conviction.

Affirmed and remanded.