COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Senior Judge Annunziata
Argued at Salem, Virginia

DENNIS HOLLAND

OPINION BY
v.     Record No. 0965-12-3     JUDGE ROBERT J. HUMPHREYS
                                OCTOBER 22, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HENRY COUNTY
Martin F. Clark, Jr., Judge[1]

Perry H. Harrold for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

Dennis Holland ("Holland") appeals the final order of Henry County Circuit Court

("circuit court") ending the suspension on the execution of his sentence. Holland argues (1) that

the circuit court erred because it no longer had jurisdiction over the case when it ended the

suspension of his sentence, and (2) that the circuit court erred in failing to grant his motion for

suspension or modification of his remaining one-and-a-half-year sentence pursuant to Code

§ 19.2-303. For the following reasons, we conclude that the jurisdiction of the circuit court was

terminated, and its previous order suspending execution of Holland's sentence voided by

operation of law, upon Holland's transfer to the custody of the Virginia Department of

Corrections (DOC).

_____

[1] As noted *infra*, while Judge Clark entered the final order to which Holland assigns
error, the Honorable David Williams entered the order staying execution of Holland's sentence.

I.  BACKGROUND

On appeal, we "'consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party at trial.'" Crawford v. Commonwealth, 281 Va. 84, 97, 704 S.E.2d 107, 115 (2011) (quoting Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 924 (2000)).

In 1990, the circuit court convicted Holland of receiving stolen goods and sentenced him to seven years in the penitentiary.  Holland did not immediately serve this sentence because he was serving time in federal custody.  In 1999, Holland petitioned the circuit court for a reduction of his sentence and the court amended his sentence to seven years in the Virginia DOC with six years and six months suspended.  While Holland was still serving his federal sentence, he violated the terms of his probation, and on May 9, 2006, the circuit court revoked the suspension of six years and six months of his sentence and sentenced him to serve one year and six months of the sentence, with the remaining five years to run concurrently with the federal prison sentence he was serving at the time.

On November 2, 2011, the day before his release from federal prison and transfer to the Virginia DOC, Holland petitioned the circuit court with a motion to suspend or modify his remaining active state sentence of one year and six months pursuant to Code § 19.2-303.  On November 2, without holding an evidentiary hearing, Judge David Williams entered an order that stated, "After review of the evidence and consideration of the Motion by the court, it is ORDERED that said Motion for Suspension or Modification of Sentence Pursuant to Section 19.2-303 . . . is hereby granted; execution of sentence suspended pending full hearing on the issue."  On November 3, 2011, Holland was released from federal custody and transferred to the DOC.

On November 17, 2011, Holland was transported to the circuit court for a hearing pursuant to the November 2 order. Judge Martin Clark, Jr. presided over the hearing, and Holland presented evidence to support his motion. However, Holland argued that the November 2 order suspended his sentence and on November 3 the circuit court lost jurisdiction over the matter pursuant to Code § 19.2-303 because Holland was transferred to the DOC; thus, Holland argued, the November 2 order indefinitely suspended his sentence. Judge Clark determined that the circuit court had jurisdiction to hear the case on November 17 because it acquired jurisdiction before Holland was transferred to the custody of the DOC and the circuit court retained jurisdiction to hear the case despite the fact that Holland was then in the custody of the DOC.

The circuit court orally announced its decision at the conclusion of the November 17 hearing; it decided to vacate the suspension on Holland's one-year-and-six-month sentence and make the sentence active. However, the circuit court did not enter an order after the November 17 hearing.[2] On December 21, 2011, Holland filed a motion to reconsider the circuit court's decision announced from the bench on November 17. The court heard the parties on the motion on May 1, 2012, and it did not change its ruling. The circuit court's order entered on May 24, 2012, but dated *nunc pro tunc* May 1, 2012, stated that,

> the Order of this Court signed on November 2, 2011 assumed
> jurisdiction of this case until its ultimate conclusion and allowed
> the Court to retain such jurisdiction until the final resolution of this
> matter by the Court, notwithstanding the defendant's transfer to the
> Virginia Department of Corrections; and, in addition, this hearing
> came less than twenty-one days after the said prior order, bringing
> this within the time limits of Rule 1:1 of the Rules of Court; . . . .

The circuit court declined to suspend or modify Holland's remaining one-year-and-six-month sentence. The court ordered "that the suspension of execution of the sentence ordered on

---

[2] While there is an order in the record dated November 17, 2011, the record also reflects that it was so dated through inadvertent clerical error.

November 2, 2011 is hereby ended and lifted as of November 3, 2011." The circuit court

remanded Holland to the custody of the DOC to serve his term of incarceration.

## II. ANALYSIS

Holland first asserts that the circuit court "committed reversible error in reversing the

[circuit court's] ruling of November 2, 2011 which granted [Holland's] motion to modify, reduce

or suspend his sentence on the 17th day of November 2011 because as of the aforesaid date the

[circuit court] no longer had jurisdiction in this cause of action."

Both parties agree that the circuit court was without jurisdiction to modify Holland's

sentence pursuant to Code § 19.2-303 once he was transferred to the DOC on November 3, 2011.

Therefore, Holland argues, the November 2 order is effective and it suspends the execution of his

sentence even though the circuit court could not go forward with a full hearing as contemplated

in the order. This assignment of error raises issues of the circuit court's jurisdiction and statutory

interpretation, therefore we review the judgment of the circuit court *de novo*. Williams v.

Williams, 61 Va. App. 170, 180, 734 S.E.2d 186, 190 (2012).

### A. The May 1, 2012 order is void

Rule 1:1 states that, "All final judgments, orders, and decrees, irrespective of terms of

court, shall remain under the control of the trial court and subject to be modified, vacated, or

suspended for twenty-one days after the date of entry, and no longer."[3] "Thus, once the

---

[3] The circuit court stated that the November 17 hearing "came less than twenty-one days after the said prior order, bringing this within the time limits of Rule 1:1 of the Rules of Court." The circuit court was incorrect on this point. First, Rule 1:1 applies to final orders and the November 2 order was not a final order. See Rogers v. Commonwealth, 29 Va. App. 580, 588-89, 513 S.E.2d 876, 880 (1999) (trial judge's order was only an interim decision and not a final order under Rule 1:1 where it conditionally ordered defendant incarcerated until the court had sufficient information to make a determination concerning alternative sentencing programs). However, assuming arguendo that the November 2 order was a final order, it was not modified by the November 17 hearing because the court did not issue a written order until May 1, 2012. A court speaks only through its written orders. Clephas v. Clephas, 1 Va. App. 209, 211, 336 S.E.2d 897, 899 (1985). "A judgment occurs when a court directs the clerk to enter it on the

twenty-one-day time period following the entry of a final sentencing order has run without modification, vacation, or suspension of that order, the trial court loses jurisdiction to disturb the order, unless an exception to Rule 1:1 applies." Patterson v. Commonwealth, 39 Va. App. 610, 614, 575 S.E.2d 583, 585 (2003). "'Code § 19.2-303 is one of those exceptions.'" Neely v. Commonwealth, 44 Va. App. 239, 241, 604 S.E.2d 733, 734 (2004) (en banc) (quoting Ziats v. Commonwealth, 42 Va. App. 133, 138, 590 S.E.2d 117, 120 (2003)). Code § 19.2-303 states in pertinent part:

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence. The court may place the person on probation for such time as the court shall determine.

Thus, the circuit court retains jurisdiction to consider modification of a sentence under Code § 19.2-303 "so long as [the defendant has] not been transferred to the Department of Corrections at the time of the hearing." Harris v. Commonwealth, 57 Va. App. 205, 216, 700 S.E.2d 475, 480 (2010).

In Stokes v. Commonwealth, 61 Va. App. 388, 736 S.E.2d 330 (2013), the circuit court ordered that the appellant remain incarcerated in the local jail until further order of the court so that the court could address his motion seeking modification of his sentence pursuant to Code § 19.2-303 after a related appeal in the case was resolved. Id. at 391, 736 S.E.2d at 332. Despite the circuit court's order, the appellant was mistakenly transported to the DOC. Id. This Court affirmed the circuit court's ruling that it had no jurisdiction to modify the appellant's sentence. "When read in conjunction with Rule 1:1, Code § 19.2-303 establishes an absolute event, i.e., a

---

court's order book, not when the court rules on a motion or directs counsel to prepare an order." Id.

transfer to the Department of Corrections, when a trial court can no longer modify a sentence." Id. at 394, 736 S.E.2d at 333.  In writing Code § 19.2-303, the legislature "clearly limits the authority of the trial court to [modify a sentence].  The statute contains no exceptions."  Id. at 398, 736 S.E.2d 335 (suggesting, for example, that the legislature could have chosen to add a "manifest injustice" exception or added "lawfully" as a modifier of "transferred," but it did not do so).  "[T]he operative date in question is when the court makes its ruling, not when the motion is filed, and not when the matter initially comes before the court."  Id. at 395, 736 S.E.2d at 334.

The Virginia Supreme Court has concluded that when reading Rule 1:1 with Code § 53-272 (the predecessor to Code § 19.2-303), "'after the expiration of 21 days from the sentencing order if the prisoner has been committed and delivered to the penitentiary and no order had been entered within 21 days after final judgment suspending the sentence, the trial court has no further authority to suspend the sentence.'"  Virginia Dept. of Corrections v. Crowley, 227 Va. 254, 259, 316 S.E.2d 439, 441 (1984) (quoting In Re: Dept. of Corrections, 222 Va. 454, 463, 281 S.E.2d 857, 862 (1981)).  Thus, the circuit court in this case erred in finding that it had retained jurisdiction over Holland's motion to modify his sentence pursuant to Code § 19.2-303 after Holland entered the DOC.

We note that a court "always has jurisdiction to determine its own jurisdiction."  Lewis v. C.J. Langenfelder & Son Jr., Inc., 266 Va. 513, 516, 587 S.E.2d 697, 699 (2003); see also United States v. Ruiz, 536 U.S. 622, 628 (2002).  Therefore, while a court may not be able to adjudicate the merits of a case, it can at least properly enter an order saying that it lacks jurisdiction to do so.  However, in this case the circuit court erroneously concluded that it did have jurisdiction to address the merits of Holland's motion.

Because Holland had been transferred to the custody of the DOC, the circuit court lacked jurisdiction to modify Holland's sentence and the May 1, 2012 order was void *ab initio*.

> An order of a court of the Commonwealth can be "void" by operation of two concepts. An order may be "void *ab initio*," meaning it was without effect from the moment it came into existence. In that respect it is "void." Such a void order is a nullity without force or effect and may be collaterally challenged. An order of a court may also be "voidable" if it contains reversible error.

Kelley v. Stamos, 285 Va. 68, 75, 737 S.E.2d 218, 221 (2013). "The distinction between an action of the court that is void *ab initio* rather than merely voidable is that the former involves the *underlying authority of a court to act* on a matter whereas the latter involves actions taken by a court which are in error." Singh v. Mooney, 261 Va. 48, 51, 541 S.E.2d 549, 551 (2001) (emphasis added). "An order is void *ab initio* if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it, or if the mode of procedure used by the court was one that the court could not lawfully adopt." Id. at 51-52, 541 S.E.2d at 551. "The lack of jurisdiction to enter an order under any of these circumstances renders the order a complete nullity." Id. at 52, 541 S.E.2d at 551. In the present case, the circuit court lacked jurisdiction to entertain Holland's motion for modification after his transfer to the DOC on November 3, 2011; hence, the May 1, 2012 order is void *ab initio* for lack of jurisdiction.

### B. The November 2 order was voided by operation of law

We now turn to the effect of the conditional November 2 order, suspending Holland's sentence pending a full hearing on the issue of whether his sentence should be modified. If a circuit court acts pursuant to Rule 1:1, within twenty-one days of the final sentencing order, it is not necessary to determine whether the court has jurisdiction under Code § 19.2-303. See In Re: Dept. of Corrections, 222 Va. at 463, 281 S.E.2d at 862. In this case, the final order entered fixing Holland's sentence is dated May 9, 2006. Clearly, by November 2, 2011, more than twenty-one days had passed since the entry of that order and the circuit court had lost jurisdiction

to modify Holland's sentence pursuant to Rule 1:1.  Therefore, on November 2, 2011, Code

§ 19.2-303 provided the only possible authority for the circuit court to modify Holland's

sentence:

> If a person has been sentenced for a felony to the Department of
> Corrections but has not actually been transferred to a receiving unit
> of the Department, the court which heard the case, if it appears
> compatible with the public interest and there are circumstances in
> mitigation of the offense, may, at any time before the person is
> transferred to the Department, suspend or otherwise modify the
> unserved portion of such a sentence.

Our precedent is clear that "Code § 19.2-303 gives trial courts jurisdiction over 'all

felony convictions provided the defendant has not been sent to the Department of Corrections.'"

Wilson v. Commonwealth, 54 Va. App. 631, 640, 681 S.E.2d 74, 79 (2009) (quoting Esparza v.

Commonwealth, 29 Va. App. 600, 605, 513 S.E.2d 885, 887 (1999)).  In Wilson, the appellant

had not been transferred to the DOC, but the trial court found that it did not have jurisdiction to

modify her sentence; this Court found the trial court erred in its determination.  Id.  The

Commonwealth argued that the trial court did not have jurisdiction to adjudicate Wilson's

motion under Code § 19.2-303 because her claims were not compatible with the public interest

and did not constitute circumstances in mitigation of the offense.  Id. at 640, 681 S.E.2d at 78.

This Court held that "the Commonwealth's argument, while relevant to the question of whether

the relief sought should be granted, is irrelevant to the question of the trial court's jurisdiction."

Id. at 640, 681 S.E.2d at 78-79.  This Court held that the trial court erred in holding that it did not

have jurisdiction, however, the error was harmless because Wilson failed to present evidence that

would have justified a modification or suspension of her sentence under Code § 19.2-303.  Id. at

640-41, 681 S.E.2d at 79.

The Wilson Court relied on Esparza, where the Commonwealth similarly argued that the

trial court had no jurisdiction to entertain the motion to modify a sentence pursuant to Code

§ 19.2-303 because the modification of a sentence imposed pursuant to a plea agreement was incompatible with the public interest and the defendant had failed to show circumstances in mitigation of his offense. Esparza, 29 Va. App. at 607, 513 S.E.2d at 889. This Court held that the Commonwealth's arguments were "inapposite to the issue presented," because the arguments address "the merits of the motion and not the jurisdictional arguments appellant presents." Id. This Court held "that Code § 19.2-303 reflects the legislature's intent to provide for review and suspension of sentences imposed for all felony convictions provided the defendant has not been sent to the Department of Corrections." Id. at 605, 513 S.E.2d at 887.

Thus, on November 2 the circuit court had jurisdiction to entertain Holland's motion and modify his sentence. Therefore, the circuit court's order was not void *ab initio*, as the Commonwealth argues. However, while a circuit court has *jurisdiction* to consider suspension or modification of a sentence for a defendant who has not yet been transferred to the custody of the DOC, the statute is equally clear that no actual suspension or modification of a sentence may take place *until* the other statutory requirements have been met. In addition to permitting the exercise of jurisdiction over a defendant who has not yet been transferred to the custody of the DOC, Code § 19.2-303 clearly requires that before a sentence may actually be suspended or modified, the circuit court also find (1) that suspending or modifying the unserved portion of the sentence would be compatible with the public interest, *and* (2) that there are circumstances in mitigation of the offense. In this case, when the circuit court entered the November 2 order suspending Holland's sentence pending a hearing, it had not heard any evidence of the parties to allow it to determine that there were circumstances in mitigation of the offense and that the suspension it ordered would be compatible with the public interest. The record is clear that the circuit court was only presented with a motion prior to suspending Holland's sentence, and the record equally reflects that no evidence regarding mitigation of the offense or regarding how the

public interest would be served by a sentence modification was presented or stipulated to. Allegations in a motion are allegations only and not evidence. Gilliland v. Singleton, 204 Va. 115, 122, 129 S.E.2d 641, 646 (1963). Without a hearing on the motion or a stipulation by the parties, the circuit court could not and did not satisfy the two latter requirements of Code § 19.2-303 when it suspended execution of the sentence pending a "full hearing on the issue."

Holland argues that by issuing the order the circuit court implicitly found that the suspension of Holland's sentence was compatible with the public interest and that there were circumstances in mitigation of the offense. We reject Holland's argument. The circuit court would not have made the November 2 order conditional and called for a full hearing on the issue if it had already "implicitly" made the required findings. Therefore, we hold that the circuit court erred in suspending Holland's sentence on November 2, 2011 because it ordered the suspension without making the findings required by Code § 19.2-303 that a suspension or modification be compatible with the public interest and that there be circumstances in mitigation of the offense. Once Holland was transferred to the custody of the DOC, the circuit court lost jurisdiction to hold any such hearing on his motion. Without the required evidentiary findings by the circuit court supported by evidence in the record sufficient to satisfy the requirements of Code § 19.2-303, the November 2 order was voided by operation of law when Holland's transfer to the custody of the DOC occurred.

Having concluded that the circuit court had no jurisdiction to consider Holland's motion after his transfer to the DOC on November 3, 2011, we need not reach Holland's second assignment of error, that the circuit court abused its discretion in failing to grant his motion for suspension or modification of his sentence after the November 17 hearing.

## III. CONCLUSION

In summary, for the foregoing reasons, we hold that the May 1, 2012 order was void *ab initio* for lack of jurisdiction, and the November 2, 2011 order was voided by operation of law when Holland was transferred to the custody of the DOC. Thus, the May 9, 2006 sentencing order stands as the effective order regarding Holland's sentence. Therefore, we affirm the result, if not the methodology behind the circuit court's judgment in reinstating Holland's original sentence.

<u>Affirmed.</u>