UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Humphreys and Russell
Argued at Leesburg, Virginia

MAURICE LANCE DUHART

                                     MEMORANDUM OPINION[*] BY

v.      Record No. 1672-18-4           JUDGE ROBERT J. HUMPHREYS
                                           NOVEMBER 12, 2019

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge

Melissa Hasanbelliu, Assistant Public Defender, for appellant.

Matthew P. Dullaghan, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

On January 10, 2017, appellant Maurice Lance Duhart ("Duhart") pleaded guilty to three

counts of hit and run, in violation of Code § 46.2-894; unauthorized use of a vehicle, in violation

of Code § 18.2-102; and driving on a suspended license, in violation of Code § 46.2-301.  The

Circuit Court of Fairfax County ("circuit court") convicted Duhart of all charges.  On April 7,

2017, the circuit court sentenced Duhart to sixteen years of incarceration, with six years

suspended.

On appeal, Duhart assigns the following three errors:

> I.  The trial court erred when it denied Mr. Duhart's Motion for
> Reconsideration of Sentence for lack of jurisdiction.
>
> II.  Prior decisions of Virginia Courts upholding the denial of
> jurisdiction for Motions to Reconsider after a transfer to the
> Department of Corrections, including Stokes v.
> Commonwealth, 61 Va. App. 388, 736 S.E.2d 330 (2013),
> Holland v. Commonwealth, 62 Va. App. 445, 749 S.E.2d 206
> (2013), and Coe v. Commonwealth, Record No. 3293-02-2,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

2004 Va. App. LEXIS 181 (Mar. 2, 2004) are wrongly decided
and must be overturned or modified.

III. The trial court erred when it failed to rule on the merits of
Mr. Duhart's Motion for Reconsideration of Sentence.

## I. BACKGROUND

On appeal, the facts concerning Duhart's guilty pleas to multiple driving offenses are not at issue. Duhart only alleges error related to his sentencing. On April 7, 2017, the circuit court held a sentencing hearing during which it agreed to continue the issue of restitution until May 5, 2017. In sentencing Duhart, the circuit court explained that it was going to "depart above the guidelines" because of "the heinousness of this offense." On April 17, 2017, the circuit court entered its sentencing order. The hearing on the issue of restitution was continued multiple times, and restitution was eventually determined on August 18, 2017. That same day, the circuit court also entered an order prohibiting Duhart from being transferred to the custody of the Department of Corrections from the Fairfax County Adult Detention Center while his motion to reconsider was pending.

On November 17, 2017, Duhart filed a motion for reconsideration of sentence, asking for a modification or suspension under Code § 19.2-303. Duhart argued that he had not been transferred to the Department of Corrections and that there were mitigating circumstances present, including his eligibility for the Men's Recovery Program. He requested that the circuit court suspend a period of his active sentence or that the case be reviewed in approximately six months to allow him to complete the Men's Recovery Program while at the Adult Detention Center. The matter was scheduled for June 1, 2018, but Duhart requested a continuance so that he could complete the Men's Recovery Program. The circuit court continued the case to August 3, 2018.

However, on January 29, 2018, Duhart was transferred from the Fairfax County Adult Detention Center to Nottoway Correctional Center, despite the circuit court's prior order that Duhart remain at Fairfax County Adult Detention Center. According to the Department of Corrections ("DOC"), Nottoway Correctional Center is "a DOC reception unit, where offenders newly received into DOC institutions undergo thorough screening, assessment, and orientation regarding procedures, rules, programs, and services." On March 3, 2018, "Duhart's initial classification was completed and approved." On March 6, 2018, DOC cancelled Duhart's initial assignments and scheduled him to be returned to jail after Duhart's counsel provided notice of the pending case review. DOC transferred Duhart back to the Fairfax County Adult Detention Center on March 14, 2018.

On August 3, 2018, after hearing Duhart's argument on his November 17, 2017 motion to reconsider, the circuit court asked the parties to address whether it still had jurisdiction. Duhart argued that the Nottoway Correctional Center was a "sorting facility" and that Duhart was not transferred "to the actual facility that he will be in." Therefore, the circuit court still had jurisdiction. The circuit court requested additional briefing on the jurisdictional issue and continued the case until October 5, 2018. Duhart subsequently filed a memorandum in support of his motion for reconsideration arguing that a "reception unit" was not the same as a "receiving unit."

On October 5, 2018, the circuit court again heard argument on the motion for reconsideration. The circuit court ruled, "I'm going to deny the motion to reconsider on the ground that I don't believe at this time that the [c]ourt has jurisdiction under Stokes [v. Commonwealth, 61 Va. App. 388 (2013),] which is a reported case of the Court of Appeals and therefore one that binds this [c]ourt." The circuit court clarified that it was only ruling on the jurisdictional issue, not whether there were circumstances in mitigation. Without jurisdiction,

the circuit court found that ruling on the merits would be "an advisory opinion." The circuit court entered an order denying the motion. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

This Court reviews issues regarding the circuit court's jurisdiction and issues of statutory interpretation *de novo*. See Holland v. Commonwealth, 62 Va. App. 445, 451 (2013). When construing a statute, "[this Court] must presume that the General Assembly chose, with care, the words that appear in a statute, and must apply the statute in a manner faithful to that choice." Jones v. Commonwealth, 296 Va. 412, 415 (2018) (quoting Johnson v. Commonwealth, 292 Va. 738, 742 (2016)). "When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that statutory language." Id. (quoting Alston v. Commonwealth, 274 Va. 759, 769 (2007)).

### B. Denial of Motion for Reconsideration for Lack of Jurisdiction

Duhart first argues that the circuit court erred in finding that it lacked jurisdiction to decide his motion for reconsideration because the circuit court had jurisdiction under Code § 19.2-303. Code § 19.2-303 is one of the limited exceptions to Virginia Supreme Court Rule 1:1. See Holland, 62 Va. App. at 452. Under Rule 1:1, "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). "Thus, once the twenty-one-day time period following the entry of a final sentencing order has run without modification, vacation, or suspension of that order, the trial court loses jurisdiction to disturb the order, unless an exception to Rule 1:1 applies." Patterson v. Commonwealth, 39 Va. App. 610, 614 (2003). The exception found in Code § 19.2-303 provides,

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence.

Here, it is undisputed that more than twenty-one days had passed from the time the circuit court sentenced Duhart until he filed his motion for reconsideration. Therefore, the relevant issue is whether Duhart's transfer to Nottoway Correctional Center on January 29, 2018, extinguished the circuit court's jurisdiction under Code § 19.2-303.

Duhart argues that he was never in DOC custody within the meaning of the statute. He argues that in order to defeat jurisdiction, the statute requires him to have been transferred to a "receiving unit," but the circuit court retained jurisdiction because he was transferred to a "reception unit" of the Department. Duhart further argues that the "reception unit" at Nottoway Correctional Center was used for classification. Therefore, "[b]y cancelling his classification, the Department did not actually transfer Mr. Duhart to his final destination, or the location he would be received to serve his sentence."

The phrase "receiving unit" is not defined in the Code of Virginia. "Because '[a] statute is not to be construed by singling out a particular phrase,' we must also consider the disputed portion in context." JSR Mech., Inc. v. Aireco Supply, Inc., 291 Va. 377, 384 (2016) (alteration in original) (quoting Eberhardt v. Fairfax Cty. Emps.' Ret. Sys. Bd. of Trs., 283 Va. 190, 195 (2012)). "[S]tatutes are not to be considered as isolated fragments of law, but as a whole, or as parts of a great connected, homogenous system, or a single and complete statutory arrangement." Id. (quoting Prillaman v. Commonwealth, 199 Va. 401, 405 (1957)).

In construing the phrase "receiving unit," Code § 53.1-20 is instructive. It states in relevant part, "Persons convicted of felonies committed on or after January 1, 1995, and

sentenced to the Department . . . *shall be placed in the custody of the Department and received by the Director into the state corrections system* within sixty days . . . ." Code § 53.1-20(B) (emphasis added). Subsection E states,

> Felons committed to the custody of the Department for a new felony offense *shall be received* by the Director into the state corrections system in accordance with the provisions of this section without any delay for resolution of (i) issues of alleged parole violations set for hearing before the Parole Board or (ii) any other pending parole-related administrative matter.

Code § 53.1-20(E) (emphasis added). When read in conjunction with Code § 19.2-303, it appears that a "receiving unit" is merely a generic term for the facility where a person is first "received" into DOC custody. It does not refer to the specific facility where a person is assigned to serve his or her sentence, as Duhart suggests.

Duhart's argument misconstrues the statute's plain meaning and is inconsistent with this Court's interpretive caselaw. Duhart's proposed interpretation unnaturally isolates the phrase "receiving unit" from the context of the entire statute. Although the first clause of Code § 19.2-303 does use the phrase "receiving unit," the second clause refers to DOC generally, stating, "before the person is transferred to the Department." The statute, taken as a whole, simply refers to a person's transfer into DOC custody. The phrases "transferred to a receiving unit of the Department" and "any time before the person is transferred to the Department" are simply alternative ways of expressing the concept of DOC custody. The statute, in its entirety, expresses clear legislative intent that the operative point in time for the circuit court to lose jurisdiction over a case where a felon has been sentenced to prison is when a defendant begins serving their sentence under the supervision of the Department of Corrections,[1] which formally

---

[1] See Holland, 62 Va. App. at 449 (finding that the circuit court's jurisdiction was terminated "upon Holland's transfer to the *custody of the Virginia Department of Corrections*" (emphasis added)); see also Stokes, 61 Va. App. at 393 ("The burden is on the appellant, as the moving party, to prove that the trial court had jurisdiction to hear the matter by showing . . . that

- 6 -

occurs when the person initially enters any DOC facility. Further, this Court has never interpreted "receiving unit" as requiring a finding that a defendant be transferred to a specific facility within DOC.[2]

In this case, Duhart was transferred to Nottoway Correctional Center, where the record reflects that "offenders *newly received* into DOC institutions undergo thorough screening, assessment, and orientation regarding procedures, rules, programs, and services." Nottoway Correctional Center is clearly a "receiving unit" as contemplated by the statute. Duhart was transferred into DOC custody upon his arrival to Nottoway Correctional Center, thereby ending the circuit court's active jurisdiction under Code § 19.2-303.

Duhart also argues that "the location of the defendant at the time of the hearing is a significant factor the court should consider." However, it is immaterial that Duhart was transferred back to Fairfax County Adult Detention Center, where he was located at the time of the circuit court's August and October 2018 hearings. "When read in conjunction with Rule 1:1, Code § 19.2-303 establishes an *absolute event*, i.e., a transfer to the Department of Corrections, when a trial court can no longer modify a sentence." Stokes, 61 Va. App. at 394 (emphasis

---

the defendant had not been transferred to the *custody of the Department of Corrections*." (emphasis added)); see also Harris v. Commonwealth, 57 Va. App. 205, 212 (2010) (stating the burden to show "that the defendant had not been transferred to the *custody of the Department of Corrections*" (emphasis added)); see also Neely v. Commonwealth, 44 Va. App. 239, 240 (2004) (holding that the circuit court had jurisdiction under Code § 19.2-303 because "the evidence did not establish that the defendant had been transferred to the *custody of the Virginia Department of Corrections*" (emphasis added)), aff'd, 271 Va. 1 (2006).

[2] See Stokes, 61 Va. App. at 394 ("When read in conjunction with Rule 1:1, Code § 19.2-303 establishes an absolute event, i.e., a *transfer to the Department of Corrections*, when a trial court can no longer modify a sentence." (emphasis added)); see also Wilson v. Commonwealth, 54 Va. App. 631, 640 (2009) (finding that it was error for the circuit court to find that it did not have jurisdiction when the defendant had "not yet *transferred to the Department of Corrections*" (emphasis added)); see also Esparza v. Commonwealth, 29 Va. App. 600, 605 (1999) ("We hold that Code § 19.2-303 reflects the legislature's intent to provide for review and suspension of sentences imposed for all felony convictions *provided the defendant has not been sent to the Department of Corrections*." (emphasis added)).

added).  In other words, once Duhart was transferred into DOC custody, by transfer to Nottoway Correctional Center, the circuit court lost jurisdiction absolutely.  Any subsequent temporary transfer back to Fairfax County Adult Detention Center does not serve to reinstate the circuit court's jurisdiction.

Because more than twenty-one days from the circuit court's entry of judgment had elapsed, and Duhart's transfer to DOC custody defeated exercise of the circuit court's jurisdiction under the statutory exception found in Code § 19.2-303, the circuit court did not err in holding that it lacked jurisdiction to consider Duhart's motion.

### C.  Overruling or Modifying Existing Precedent

Although Duhart invites this Court to overturn or modify our precedent affecting his first assignment of error, he acknowledges that a three-judge panel lacks the authority to do so under the interpanel accord doctrine.  See Towler v. Commonwealth, 59 Va. App. 284, 293 (2011) (explaining that a decision by a panel of the Court "cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court" (quoting Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73 (2003))).  Instead, Duhart presents the argument to "preserve his ability to raise the issue before the Court of Appeals sitting *en banc* and/or the Supreme Court of Virginia."  Consequently, while noting his position, we hold that the circuit court did not err in relying on clear precedent from this Court.

### D.  Failing to Rule on the Merits

"[A] court 'always has jurisdiction to determine its own jurisdiction.'"  Holland, 62 Va. App. at 454 (quoting Lewis v. C.J. Langenfelder & Son Jr., Inc., 266 Va. 513, 516 (2003)).  However, it is error for a circuit court to address the merits of a motion when it erroneously concludes that it has jurisdiction to address it.  See id.  Here, Duhart acknowledges that a circuit court cannot rule on the merits when it lacks jurisdiction.  However, he argues that under Rule

5A:12(c)(1), the circuit court erred by not making a ruling. This argument is without merit. Rule 5A:12(c)(1) relates only to the requirements for assignments of error in a petition for appeal. See 5A:12(c)(1) ("If the error relates to failure of the tribunal or court below to rule on any issue, error must be assigned to such failure to rule, providing an exact reference to the page(s) of the record where the issue was preserved in the tribunal below, and specifying the opportunity that was provided to the tribunal or court to rule on the issue(s).").

Because, as stated in subsection B, the circuit court lost jurisdiction, the circuit court properly refused to rule on the merits of the motion for reconsideration.

For these reasons, the judgment below is affirmed.

Affirmed.